I agree with the majority that the trial court properly submitted the conversion claim to the jury and that the amount of compensatory damages awarded by the jury is supported by the evidence; however, I would hold that the trial court erred by submitting the issue of punitive damages to the jury.
Ala. Code 1975, § 6-11-20(a), states in pertinent part:
 "Punitive damages may not be awarded in any civil action . . . other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff."
After reviewing the record, I would conclude that Caddell did not present clear and convincing evidence that Liberty National "consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff."Id.
Caddell presented evidence that Liberty National wrongfully deducted premium payments from his bank account after he attempted to cancel his life insurance policy. Caddell also presented evidence that Liberty National did not correct its error and that he did not receive a refund of those payments and interest until he hired an attorney. Caddell did not present evidence that Liberty National intentionally or fraudulently deducted the premiums. An agent for Liberty National testified that the company should have resolved this problem faster than it did; however, the fact that it did not is not clear and convincing evidence as required by the statute. Therefore, I would reverse the trial court's submission of the issue of punitive damages to the jury.
I would also pretermit discussion of the issue of the admissibility of the testimony of Sharon Jackson because her testimony was admitted as to punitive damages. She testified *Page 1138 
that Liberty National had wrongfully delayed her cancellation of an insurance policy.